UNITED STATES, Appellee

v

CLARENCE C. BARKER, Private, U. S. Marine Corps, Appellant

13 USCMA 633, 33 CMR 165

No. 16,374

April 12, 1963

 
█ █ 

*Lieutenant Colonel William H. Bennison,* USMC, argued the cause for Appellant, Accused. With him on the brief was *Commander John D. Moroney,* USN.

*Commander Joseph E. Ross,* USNR, argued the cause for Appellee, United States. With him on the brief was *Captain James W. Grant,* USN.

## Opinion of the Court

FERGUSON, Judge:

Arraigned and tried before a general court-martial, convened by the Commanding General, Force Troops, Fleet Marine Force, Pacific, the accused pleaded not guilty to a charge of desertion, in violation of Uniform Code of Military Justice, Article 85, 10 USC § 885, but guilty to the lesser included offense of absence without leave, in violation of Code, supra, Article 86, 10 USC § 886. He was nevertheless found guilty of desertion and sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for two years. The convening authority reduced the period of confinement to eighteen months but otherwise approved the sentence. The board of review affirmed, and we granted accused's *pro forma* petition for review, specifying as the issue:

"Whether the Article 31 warnings given the accused (Ex. 1, p. 2; R. 21) were sufficient to admit the alleged oral statement of the accused."

Accused absented himself without authority on July 31, 1961, from his organization at Twentynine Palms, California, and was apprehended on January 22, 1962. On February 15, 1962, he was interrogated concerning the circumstances of his absence by his commanding officer. He made an oral statement which bears heavily on the question whether he intended to absent himself permanently. Prior to the questioning, he received two purported warnings of his rights under Code, supra, Article 31, 10 USC § 831.

The first advice given to the accused was delivered by his first sergeant immediately prior to having him appear before the commander. It consisted of the following statement:

"I told him the fact that he did not have to make any statement and that any statement that he made could be held against him; *that he didn't have to make any statement that would incriminate or degrade him. I told him that he did not have to make any statement until he was warned of the charges against him and then I informed him that he was being*

634

*charged with desertion, sir."* [Emphasis supplied.]

Thereafter, accused came before his commanding officer, who "paraphrased the words under Article 31," thusly:

"I understand—do you understand that you do not have to make any statement—in other words, which might incriminate you, that if you do, that it can be used against you in trial by court, that you don't have to make any statement which might tend to degrade you unless it's material to the issue, *you do not have to make any statement at all unless you understand the nature of the charges which are preferred against you."* [Emphasis supplied.]

The commanding officer then told accused "of the nature of the charges, violation Article 85 . . . Desertion."

Without considering the warning given by the first sergeant, that delivered by accused's commanding officer is obviously defective and circumscribed the accused's right to remain silent. One subject to the Uniform Code who is accused or suspected of an offense must, among other things, be advised that he has the right not to make any statement. Code, supra, Article 31; United States v Williams, 2 USCMA 430, 9 CMR 60; United States v Heaney, 9 USCMA 6, 25 CMR 268; United States v Kemp, 13 USCMA 89, 32 CMR 89. Here, however, the advice was ultimately bounded by conditions of incrimination and being "warned of the charges" or understanding "the nature of the charges." Thus, the accused, rather than being correctly informed that he need not say anything at all, was erroneously and confusingly advised that his right to remain silent was considerably more curtailed.

The failure properly to advise accused is, in light of the receipt in evidence of his oral statement, prejudicially erroneous. United States v Williams, supra; United States v Kemp, supra. In view, however, of accused's voluntary and provident plea of guilty to the lesser offense of absence without leave, the board of review may, at its option, affirm so much of the findings of guilty as relate to that offense and reassess the sentence. United States v Trojanowski, 5 USCMA 305, 17 CMR 305; United States v Tharp, 11 USCMA 467, 29 CMR 283.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. The board of review may affirm findings of guilty of absence without leave and reassess the sentence, or order a rehearing on the desertion charge.

Chief Judge QUINN and Judge KILDAY concur.